Deaderick, J.,
delivered the opinion of the Court.
The bill in this case was filed in the .Chancery Court at Greeneville, by Jesse J. ■ Ingle, alleging that the said. Hannah J., as administratrix of her husband, E. R». Hendry, deceased, had obtained a judgment against *27 complainant and others, in the Circuit Court of Greene County, for $2,500.
• The suit at law appears from the transcript of the record filed in this case, to have been instituted, under our statute, for the killing of her husband, by Hannah J. Hendry, then the widow of the said E. R. Hendry, deceased, in May, 1865, by original summons and ancillary attachment, which were returned by the Sheriff to the June Term, 1865, of the Circuit Court. The summons was returned, “defendant not to be found,” and the ancillary attachment, levied on certain lands of the other defendants, and on one tract of 107 acres, intended to be described as the land of complainant, Ingle.
Ho other process was issued to the next succeeding term, held in October, 1865. At the October Term, a judicial attachment was issued, returnable to the February Term, 1866.
In December, 1865, the said Hannah J. Hendry intermarried with her co-defendant, Samuel P. MeCurry; but no notice seems to have been taken, in the record, of said marriage, and at the February Term, 1866, a judgment by default was taken against complainant and others, defendants in said suit at law, and a writ of inquiry awarded
At a subsequent day of the same term, a judgment final was taken, and a verdict rendered against complainant and others, in favor of Hannah J. Hendry, ad-ministratrix of E. R. Hendry, deceased, for $2,500; and it was further directed that an order of sale be issued, and that the lands attached be sold for the satisfaction-of said judgment.
*28 The lands of complainant were sold under said order of sale, and purchased by the plaintiff, Hannah, and her husband.
Upon the foregoing facts, it is insisted by complainant’s solicitor that the judgment at law was absolutely void, and should be perpetually enjoined.
There was no service of the summons upon any of the defendants; and it has been repeatedly held by this Court that the only office of the ancillary attachment is to hold the property attached, for the satisfaction of the judgment, which may be rendered. It does not bring the party into court.
The judicial attachment, in a proper case for that process, and when all the requirements of the statutes are observed, performs the functions of both a summons and attachment. It gives legal notice to the defendant to appear and defend, and fastens upon his property, which is held to await the final judgment.
But in order to give it the effect of bringing a defendant into court, without actual notice of a pending suit against him, certain imperative requirements of the statutes must be complied with.
By section 3467, upon the return of a judicial attachment, duly levied, the cause proceeds in all respects as if originally commenced by attachment.
This requires that publication in some newspaper, notifying the defendant to appear at a time and place to be specified in the notice, should follow the levy of the attachment; and an order to this effect should be entered upon the minutes, or rule docket, of the Court. • The published notice should also contain the names of *29 the parties, the style of the Court to which the attachment is made returnable, the cause alleged for suing it out, and the time and place at which the defendant is required to appear and defend.
When the attachment is levied and the publication made, as prescribed, the law says they are in lieu of personal service of process; the failure to fulfill both conditions, is equivalent in its legal effect to having done neither, so far as it is attempted to use the attachment as a substitute for personal service of the summons.
Without both, defendant has not the legal notice prescribed by our statute as a substitute for personal service of notice; and a judgment rendered against him under such circumstances, is absolutely void.
Pretermitting, for the present, any decision of the question as to the effect of the failure of the plaintiff in the suit at law, to issue any process returnable to the October Term, 1865, there are other defects in the proceedings in the case at law, which are decisive of the case.
There appears in said cause an order, without date, directing publication to be made, but it does not appear that any publication whatever was in fact made.
The levy of the attachment and publication, should both appear affirmatively, to have been made as required by the statute.
The Chancellor held that the judgment at law was absolutely void, and perpetually enjoined the plaintiff therein from proceeding in any manner to collect the same from the said Jesse J. Ingle, the complainant in this cause; and declared the sale of said complainant’s land, under said judgment, also void.
*30 In this we hold there was - no error. Let the defendant pay the costs in this Court and in the Chancery Court, and the decree of the Chancellor bé affirmed.